In the Matter of the Claim of PATRICIA A. FORTE, Respondent, *v.* EASTMAN KODAK COMPANY, Appellant. WORKMEN's COMPENSATION BOARD, Respondent.

Third Department, December 23, 1966.

16

*Nixon, Hargrave, Devans & Doyle (John B. McCrory* of counsel), for appellant.

*Louis J. Lefkowitz, Attorney-General (Julius Fell* and *Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

*Patricia A. Forte,* claimant-respondent in person.

GIBSON, P. J.  Appeal is taken by an employer from a decision of the Workmen's Compensation Board which awarded disability benefits under the Disability Benefits Law (Workmen's Compensation Law, art. 9), appellant's sole contention being that the award should instead have been against the Special Fund for Disability Benefits, created by section 214 of the Disability Benefits Law to provide for the payment of benefits to the disabled unemployed.

Claimant last worked for the employer on August 21, 1964, after which date she applied for and received unemployment insurance benefits.  On September 11, 1964, 21 days after her

last day at work, she became disabled by reason of a kidney condition; her claim for disability benefits was accepted by appellant employer and benefits were paid to October 11, 1964, by which date she had recovered. On October 12, 1964, which was 52 days (or, significantly, more than four weeks) after her last day at work, she fell and injured her wrist, and was thereby disabled until January 1, 1965. Her claim for disability benefits for this second period of disability was approved by the board, as against the employer's contention that claim against it was barred because the disability had commenced more than four weeks after claimant's employment had terminated (Disability Benefits Law, § 203). In rejecting this contention, the board found '' that there was no termination of employment on August 21, 1964; that the employer-employee relationship continued thereafter during the period that claimant was eligible for disability benefits, up to October 11, 1964  *  *  *  that claimant again became disabled within four weeks and that benefits for the disability beginning on October 12, 1964 is [sic] the liability of the self-insured employer.''

Section 203, above referred to, after specifying the requirements for employees' eligibility for disability benefits, then provides that '' every such employee shall continue to be eligible during such employment and for a period of four weeks after such employment terminates ''; and the last sentence, which is critical to the decision of the appeal, provides: '' An employee who becomes disabled while eligible for benefits in the employment of a covered employer shall not be deemed, for the purposes of this article, to have such employment terminated during any period he is eligible to receive benefits under section two hundred four with respect to such employment.''

By statutory definition, employment '' terminates on the last day on which an employee performs work in the service of [the covered] employer '' (Disability Benefits Law, § 201, subd. 7); this date being, as the board found, August 21, 1964, and thus the employment actually and in fact terminated on that day. In finding '' that there was no termination of employment on August 21, 1964 '', the board vitiated the actual termination, retroactively from September 11, 1964, despite the lapse of 21 days of actual unemployment, and artificially revived '' the employer-employee relationship '' during claimant's first disability period or '' up to October 11, 1964 '', with the results, in the board's view, that October 11, 1964 became the date of termination of an employment in which claimant had last worked on August 21, 1964, and that on October 12, 1964, 52 days after

claimant had last worked, a new four-week period of eligibility for disability benefits began.

The last sentence of section 203, hereinbefore quoted, does not seem to us susceptible of the interpretation put upon it by the board. The rationale, as well as the effect of the board's decision, is to equate or to treat as interdependent the terms " employment " and " eligibility " when the statute clearly and repeatedly treats them as separate and distinct, and predicates continued eligibility during a period of unemployment, not on the fictitious concept of a continued employment relationship but on specific provisions which categorically confer eligibility. Turning again to the last sentence of section 203, we find that claimant was not " in the employment " when her first disability commenced for her employment had terminated 21 days before (Disability Benefits Law, § 201, subd. 7), and her eligibility rested, not on a doubtful construction of that sentence but upon the provision in the second sentence of the section conferring eligibility " for a period of four weeks after such employment terminates ". There is no necessity to toll the limitation so as to continue beyond the four weeks' period the benefits for disability commenced within it (and the board's decision goes even beyond that by completely extinguishing claimant's initial 21-day unemployment period and commencing anew) as section 204 provides for the payment of benefits for disability continuing beyond the four weeks' period. The last sentence of section 203 relates, or at least incorporates the eligibility standards provided by section 203 itself and by section 204; section 203 in substance defining eligibility for benefits and section 204 the nature, extent and duration of the benefits themselves. The sentence in question provides, in effect, that eligibility established under section 203 guarantees benefits for the full term provided by section 204 and to implement this guarantee inhibits the employer from divesting rights to benefits thus established by terminating the employment. Thus, although an employment may not be terminated during a period of eligibility, there is nothing in the statute to indicate that an employment previously terminated may be revived; and the interests of the employee require no such *nunc pro tunc* action, his rights to continuing benefits for the particular disability being protected, and there being no indication of any intent to impose upon the employer liability for a new disability subsequent to the four weeks' period, with consequent immunization of the Special Fund against liability therefor.

The decision should be reversed and the claim remitted to the Workmen's Compensation Board for further proceedings not

inconsistent herewith, with costs to appellant against the Workmen's Compensation Board.

HERLIHY, REYNOLDS and STALEY, JR., JJ., concur.

Decision reversed and claim remitted for further proceedings not inconsistent herewith, with costs to appellant against the Workmen's Compensation Board.